UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARK ROBERT** | **CIVIL DOCKET NO. 3:23-cv-00493** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART, INC., ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by the Defendants, Wal-Mart Louisiana, LLC and Wal-Mart, Inc. (hereinafter, "Defendants"). [Doc. 35]. An Opposition [Doc. 38] was filed by Plaintiff, Mark Robert (hereinafter, "Plaintiff") to which Defendants filed a Reply [Doc. 39]. For the following reasons, Defendants' Motion is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

On September 28, 2022, Plaintiff filed suit against Defendants in the 4th Judicial District Court for Ouachita Parish, asserting a claim under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, ("LMLA"). [Doc. 35-2]. On April 14, 2023, Defendants removed the case to this Court pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332. [Doc. 1]. Plaintiff claims that while shopping at Wal-Mart, he slipped and fell on "a slippery substance," which he alleges were grapes that had been spilled on the floor. [Doc. 35-2, pp. 1-2]. The fall occurred at approximately 10:14 p.m. [Doc. 35-8]. Plaintiff alleges that he suffered medical expenses, physical pain and suffering, and mental anguish as a result of his fall. [Doc. 35-2, pp. 2-3].

In the instant Motion, Defendants seek summary dismissal of Plaintiff's LMLA claim, asserting that Plaintiff has failed to make the requisite factual showing that Defendants had actual or constructive notice of a dangerous condition. [Doc. 35-1, pp. 11-14]. In response, Plaintiff argues that the Motion should be denied because: (i) the Motion is premature under Fed. R. Civ. P. 56(d); and (ii) genuine disputes of material fact exist as to whether Defendants had actual or constructive knowledge of the condition. [Doc. 38, pp. 2-8]. In their Reply, Defendants recapitulate their arguments regarding actual and constructive notice, and claim that additional discovery would not impact the outcome of the Motion. [Doc. 39].

## LAW AND ANALYSIS

### I.  Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson,* 477 U.S. 242.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim.

*Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## II. Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Defendants' liability for Plaintiff's accident and subsequent injury is governed by the LMLA. The LMLA imposes a duty

of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir. 2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

### III. Disputes of Material Fact as to Defendants' Actual Notice

Under La. R.S. 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Here, Plaintiff does not argue and has not submitted any evidence showing that Defendants created the condition. Rather, Plaintiff claims that Defendants had notice of the hazardous condition. "[A]ctual

notice requires some showing by the plaintiff that the defendant actually witnessed the hazardous condition/event, or at least some showing of actual knowledge of a routine and expected dangerous condition at a certain location." *Boles v. Wal-Mart Stores, Inc.*, 2016 WL 3448609, at *3 (M.D. La. June 17, 2016). The plaintiff must establish that the "area of this accident was such that [the defendant] should have expected a dangerous condition there." *Id.*

Here, both Plaintiff and his son testified in their respective depositions that, after Plaintiff's fall, the manager on scene stated that he had been picking grapes up from the floor "all over the store" and that he thought he had picked them all up.[1] Plaintiff's son identified the declarant as the manager who filled out the incident report. [Doc. 35-4, p. 7]. The record establishes that this employee was William Blaydes. [Doc. 35-5, p. 6]. Conversely, William Blaydes testified that he never made such a statement. [Doc. 35-6, p. 12].

---

[1] "The manager there told me – he didn't tell me how they got on the floor, but he told me, he said I've been picking up – he said, I've been picking up these grapes all over the store or something another. He said, I thought I had them all picked up. ... I – all I know is the gentleman told me that he had been picking up grapes and he thought he had them all picked up." [Doc. 35-3, Deposition of Mark Robert, pp. 15, 17]. "I know the manager who I was answering his questions had mentioned that he had been picking up grapes throughout the store the whole night, so I don't know when they got there or how they got there ... that's all I know." [Doc. 35-4, Deposition of David Morgan Robert, pp. 6-7]. Here, the manager's alleged statement is not hearsay pursuant to Fed. R. Civ. P. 801(d)(2)(D) and is therefore properly considered by the Court. *See, e.g., Sharper v. Right Away Maint. Co.,* 2024 WL 2064061, at *4 (M.D. La. May 8, 2024) (statement admissible, and thus competent summary judgment evidence, under 801(d)(2)(D) because declarant was a mechanic employed by the defendant and said the statement within the course and scope of his employment).

While Plaintiff testified that he was not aware if any employees knew that grapes were on the floor in the exact spot where he fell,[2] the Court finds that the evidence presented by Plaintiff is "such that a reasonable jury could return a verdict for [Plaintiff.]" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797 (5th Cir. 2017). Ultimately, whether Defendants had actual notice of the spilled grapes rests on the credibility of the respective fact witnesses – an issue reserved for the finder of fact. *See Anderson,* 477 U.S. 242. If a jury chooses to believe the testimony of Plaintiff and his son, it could reasonably conclude that Defendants had actual notice that grapes had been spilled throughout a large area of store, including the aisle where Plaintiff fell. As such, Defendants "should have expected a dangerous condition" at the scene of the accident. *Boles,* 2016 WL 3448609, at *3. The Court also notes that less than an hour before Plaintiff's fall, an individual is captured on Defendants' surveillance video picking something up off the floor in the aisle next to where Plaintiff fell. [Doc. 35-8, 9:16 p.m.]. While it is unclear from the video the identity of the individual or exactly what was picked up off the floor, the video may be construed by a jury as corroborating evidence to the testimony of Plaintiff and his son.

Because Plaintiff presents sufficient summary judgment evidence to create a genuine dispute of material fact as to the issue of actual notice, the Court need not analyze any possible constructive notice on behalf of Defendants. Likewise, it is

---

[2] "I can't tell you that he was aware they were right there. All I can tell you, he said I've been picking up these grapes." [Doc. 35-3, p. 16].

unnecessary for the Court to consider Plaintiff's request for time to take additional discovery pursuant to Fed. R. Civ. P. 56(d).[3]

## CONCLUSION

For the foregoing reasons, the Court finds that there is a genuine dispute of material fact that precludes entry of summary judgment. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 35] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 27th day of December 2024.

*[signature]*

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[3] *Jan. v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (The mover of a Fed. R. Civ. P. 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will *influence the outcome of the pending summary judgment motion.*") (emphasis added). Because the Court denies Defendants' Motion solely from the summary judgment evidence already contained in the record, additional discovery would not influence the outcome this matter.